**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-01107-DDD

GERSON IVAN RIVERA FERNANDEZ,

    Petitioner,

v.

WARDEN OF ICE AURORA CONTRACT DETENTION,

    Respondent.

---

## ORDER DENYING WRIT OF HABEAS CORPUS

---

Petitioner Gerson Ivan Rivera Fernandez seeks a writ of habeas corpus directing his release from immigration detention. Doc. 7. For the following reasons, his petition is denied.

### BACKGROUND[1]

The petitioner is a native and citizen of Honduras. Doc. 18-1 at 2. On January 26, 2026, the petitioner was arrested following a traffic stop and detained pending resolution of removal proceedings. *Id.*

On January 28, 2026, the Department of Homeland Security issued a Notice to Appear charging the petitioner with being inadmissible to the United States. *Id.* On March 3, 2026, the petitioner appeared before an Immigration Judge and admitted the allegations in the Notice to Appear, and the IJ sustained the charge of removability. *Id.*

---

[1]    In this Order, pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the top of each page, which may differ from a document's internal pagination.

On April 20, 2026, the petitioner filed an application for asylum and withholding of removal. *Id.* On May 8, 2026, the IJ conducted an individual hearing, denied the application for asylum and withholding of removal, and ordered the petitioner removed to Honduras. *Id.* at 3.

The petitioner initiated this action on March 18, 2026, while his removal proceedings were still pending. He contends in the petition that his prolonged detention violates his right to due process under the United States Constitution. Doc. 7. As relief, he seeks immediate release from custody or, in the alternative, a bond hearing.

On April 28, 2026, the respondent was ordered to show cause why the petition should not be granted. On May 28, 2026, the respondent filed a Response to Order to Show Cause, Doc. 18, arguing the petitioner is not entitled to release or a bond hearing because he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A).

On June 23, 2026, the petitioner filed a reply. Doc. 19. The petitioner acknowledges in the reply that any appeal from the IJ's decision was due by June 8, 2026, but it was not clear whether the petitioner had filed an appeal.

On July 6, 2026, the Court ordered the respondent to file a Supplemental Response that addresses whether the IJ's May 8 order is a final order of removal, as well as the statutory authority for the petitioner's current detention. Doc. 20.

On July 8, 2026, the respondent filed a supplemental response. Doc. 21. According to the respondent, the IJ's May 8 order of removal became final on June 8, 2026, because the petitioner did not file an appeal, and the petitioner is now being detained pursuant to 8 U.S.C. § 1231.

On July 20, 2026, the petitioner filed a supplemental reply. Doc. 22. The petitioner concedes that "the procedural posture of this case has materially evolved," and he "does not dispute that those developments form part of the present procedural posture of this case." *Id.* at 2, 3. In particular, the petitioner concedes that his "administrative appeal was not perfected before expiration of the applicable deadline." *Id.* at 4.

## LEGAL STANDARD

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

## DISCUSSION

While removal proceedings are being adjudicated, a noncitizen may be detained under 8 U.S.C. § 1225 or 1226. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527-28, 533 (2021); *Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018). If a noncitizen is ordered removed, he becomes subject to mandatory detention under 8 U.S.C. § 1231 during the ninety-day "removal period," which begins when the order of removal becomes

"administratively final."[2] *See* 8 U.S.C. § 1231(a)(1)(B)(i); *Guzman Chavez*, 594 U.S. at 528, 533-34; *see also Munoz Teran v. Bondi*, No. 2:25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) ("Once an order of removal has become final, the authority governing a noncitizen's detention shifts [from §§ 1225 or 1226] to another statutory provision, 8 U.S.C. § 1231(a)(2).").

If the noncitizen is not removed from the United States during the removal period, the government may in some circumstances continue to detain him under Section 1231 while it attempts to effectuate removal, but that detention may not be indefinite. *See* 8 U.S.C. § 1231(a)(6); 8 C.F.R. §§ 241.4, 241.13; *Guzman Chavez*, 594 U.S. at 528-29; *Zadvydas*, 533 U.S. at 688-701. Detention may continue only so long as removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 699; *accord Clark v. Martinez*, 543 U.S. 371, 377-86 (2005); *Morales-Fernandez v. INS*, 418 U.S. 1116, 1123-24 (10th Cir. 2005). After six months of detention, if the noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the government must either "respond with evidence sufficient to rebut that showing," *Zadvydas*, 533 U.S. at 701, "or release the alien," *Guzman Chavez*, 594 U.S. at 529.

In the instant action, the petitioner was not subject to a final order of removal when the action was filed, and the statutory authority for his detention at that time arose under either 8 U.S.C. §§ 1225 or 1226. Circumstances changed when the IJ's order directing the petitioner's removal became administratively final on June 8, 2026. Now, the peti-

---

[2] The other two triggers for the beginning of the removal period—a court order lifting a stay and release from non-immigration detention or confinement—are not at issue here. *See* 8 U.S.C. § 1231(a)(1)(B)(ii)-(iii).

- 4 -

tioner is subject to a final order of removal and is being detained pursuant to 8 U.S.C. § 1231.

Because the ninety-day removal period under Section 1231 will not expire until September 8, 2026, the petitioner's detention is mandatory, and he cannot demonstrate a denial of due process under *Zadvydas*. *See Zadvydas*, 533 U.S. at 682; *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1332-33 (11th Cir. 2021) (during removal period, petitioner's "habeas petition is moot insofar as it challenges his detention under section 1226[], and it is not ripe for review insofar as it challenges his detention under section 1231(a)"), *abrogated in part on other grounds by Santos-Zacaria v. Garland*, 598 U.S. 411 (2023); *Nino v. Director*, No. 26-cv-01554-PAB, 2026 WL 1857856, at *3 (D. Colo. June 25, 2026) (denying habeas petition filed during pre-removal period because, after the order of removal became final, the petitioner's detention was mandatory under Section 1231); *S.H. v. Warden, Stewart Det. Ctr.*, No. 4:21-CV-185-CDL-MSH, 2022 WL 1280989, at *2 (M.D. Ga. Feb. 15, 2022) ("Because Petitioner filed his habeas application challenging his detention under § 1231(a) less than ninety days after he became detained pursuant to that provision, his claims are premature under both the ninety-day removal period and the *Zadvydas* presumptively reasonable six-month period.").

Therefore, the petition must be denied.

### CONCLUSION

It is **ORDERED** that:

The Order to Show Cause, Doc. 8, is **DISCHARGED**, and the Application for a Writ of Habeas Corpus, **Doc. 7**, is **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

The pending motion to stay removal, **Doc. 15**, is **DENIED**; and

The Clerk of Court is **DIRECTED** to enter final judgment and close this case.

DATED: July 24, 2026                    BY THE COURT:

_____
~~Daniel D.~~ Domenico
Chief United States District Judge